UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

MONIQUE WILCOX,
                        Plaintiff,

          -v-

TRANS UNION, LLC and AMERICAN
HEITAGE CREDIT UNION,
                      Defendants.

20-CV-4730 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Monique Wilcox brings this action against Defendants Trans Union, LLC and American Heritage Credit Union ("American Heritage"), claiming that Defendants violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate information with respect to Wilcox's account with American Heritage. (Dkt. No. 1.) Trans Union answered Wilcox's Complaint. (Dkt. No. 10.) Instead of filing an answer, American Heritage moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14.) For the reasons that follow, American Heritage's motion is denied.

**I.    Background**

      American Heritage raises two arguments for dismissing the FCRA claim against it. First, American Heritage contends that its FCRA obligations were not triggered because Wilcox, rather than a credit reporting agency, informed it of the alleged inaccuracy in its reporting. (Dkt. No. 14-1 at 6.) Second, American Heritage argues that it satisfied its FCRA obligations, submitting an affidavit from its Vice President of Consumer Lending describing the management of Wilcox's account. (Dkt. No. 14-1 at 3, 7.) Neither of these arguments is persuasive.

      Although American Heritage is correct that "the notice triggering [its] duties" under the relevant section of the FCRA "must come from a [credit reporting agency], not the consumer,"

1

*Sprague v. Salisbury Bank and Trust Co.*, 969 F.3d 95, 99 (2d Cir. 2020), it is incorrect in its assertion about how it received notice of Wilcox's dispute. Wilcox pleads that she "mailed a . . . dispute letter to Trans Union," a credit reporting agency, and that American Heritage "receiv[ed] a dispute notice from Trans Union." (Dkt. No. 1 ¶¶ 11, 37.) In other words, Wilcox alleges that a credit reporting agency provided American Heritage with the requisite notice. At this stage of the litigation, the Court assumes the truth of this allegation and rejects American Heritage's arguments to the contrary. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002).

American Heritage's argument that it satisfied its FCRA obligations also fails. On a Rule 12(b)(6) motion to dismiss, the Court may not consider matters outside the pleadings without converting the motion to one for summary judgment. Fed. R. Civ. P. 12(d). The Court declines to consider American Heritage's affidavit, instead relying on Wilcox's allegation that American Heritage "did not conduct a complete, accurate or reasonable investigation into the disputed issue" and "verified the inaccurate information that was disputed." (Dkt. No. 1 ¶ 37.) Nothing in the Complaint suggests that American Heritage investigated and resolved Wilcox's dispute.

**II.   Conclusion**

For the foregoing reasons, American Heritage's motion to dismiss is DENIED.

American Heritage shall file an answer within 21 days after the date of this Order.

The Clerk of Court is directed to close the motion at Docket Number 14.

SO ORDERED.

Dated: July 26, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge