UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
MONIQUE WILCOX,
                                Plaintiff,

                -v-                                                    20-CV-4730 (JPO)

TRANS UNION, LLC, *et al.*,                                            OPINION AND ORDER
                                Defendants.
---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

Plaintiff Monique Wilcox sues Defendants Trans Union, LLC and American Heritage Credit Union under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff alleges that she had a fully satisfied credit account with American Heritage Credit Union, but Trans Union reported her account as having a pay status of "30 Days Past Due Date." She further alleges that she sent Trans Union a notice of dispute. She asserts that Trans Union violated its duty under the FCRA to conduct a good-faith investigation into her notice of dispute, because it continues to report her account as being "past due" even as it reports the account as having a "$0 balance." Defendant Trans Union, LLC has moved for judgment on the pleadings. For the reasons that follow, Defendant Trans Union's motion is granted.

**I.     Background**

The following background comes from the allegations in the complaint, which "are assumed to be true." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90-91 (2d Cir. 2021).

**A.     Factual Background**

The complaint alleges that Plaintiff had a credit account with American Heritage Credit Union. (*See* Dkt. No. 1 ("Compl.") ¶ 8.) She alleges that she fully satisfied the account on December 12, 2016. (*See* Compl. ¶ 8.) She alleges that Trans Union reported her account with

1

American Heritage Credit Union as having a pay status of "30 Days Past Due." (*See* Compl. ¶ 9.) Plaintiff alleges that she mailed a letter to Trans Union on October 10, 2017, disputing the pay status. (*See* Compl. ¶ 11.) She alleges that Trans Union continued to report her pay status as being "30 Days Past Due" as of June 21, 2018. (*See* Compl. ¶ 11.)

Defendant Trans Union has submitted a copy of the credit report issued on October 29, 2017. (*See* Dkt. No. 30-1 at 5.)[1] The document reports Plaintiff's pay status as "Account 30 Days Past Due Date." (*See id.*) Elsewhere, it lists a symbol indicating that Plaintiff was "30 days late" in 12/2016. (*See id.*) The document states that Plaintiff had a "Maximum Delinquency of 30 days in 12/2016 and in 1/2017." (*See id.*) It reports a "Date Paid" and a "Date Closed" as 12/12/2016. (*See id.*) It further reports a "Date Updated" on 1/1/2017. (*See id.*) Finally, it reports Plaintiff's "Balance" as "$0." (*See id.*)

**B.      Procedural History**

Plaintiff filed this action on June 19, 2020. (*See* Compl.) The complaint asserts that both Trans Union, LLC and American Heritage Credit Union violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (*See* Compl. ¶¶ 25-40.) As relevant here, Plaintiff asserts that Trans Union violated its duty under the FCRA to conduct a good-faith investigation into her notice of dispute, because it continues to report her account as being currently "past due" even as it reports the account as having a "$0 balance." (*See* Compl. ¶¶ 27-36.) To remedy these purported violations, Plaintiff seeks actual, statutory, and punitive damages. (*See* Compl. at 11.)

Defendant American Heritage Credit Union moved to dismiss the complaint under Federal Rule of Civil 12(b)(6) for failure to state a claim. (*See* Dkt. No. 14.) The Court denied

---

[1] The complaint references this report as "Exhibit B," but Plaintiff did not attach a report. (*See* Compl. ¶ 11.) Further, Plaintiff does not contest the representation of the report. Under these circumstances, it is proper to consider the document on a motion for judgment on the pleadings.

that motion on July 26, 2021.  (*See* Dkt. No. 19.)  Defendant Trans Union, LLC has answered the complaint (*see* Dkt. No. 10 ("Answer")).  It now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  (*See* Dkt. No. 29.)

**II.     Legal Standard**

Rule 12(c) permits a party to move for "judgment on the pleadings."  Pleadings include the "complaint" and the "answer to [the] complaint." Fed. R. Civ. P. 7(a).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)).  Likewise, "a court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6), but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations."  *Id.*  "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)).  In making this assessment, the Court "draw[s] all reasonable inferences in [the plaintiff's] favor."  *Id.* (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).

**III.    Discussion**

"A prerequisite for any FCRA claim is that the challenged credit information is incomplete or inaccurate." *Lichtman v. Chase Bank USA, N.A.*, No. 18-CV-10960, 2020 WL 1989486, at *4 (S.D.N.Y. Apr. 27, 2020).  A credit report is inaccurate if it is "patently incorrect" or "when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect on credit decisions." *Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021).  Plaintiff has not plausibly alleged any patent inaccuracy or misleading effect.  Plaintiff seizes on the fact that the credit report lists her

"payment status" as "30 Days Past Due Date" to argue that a creditor might conclude that her account "is still late on this account that was previously fully satisfied." (*See* Compl. ¶ 10.) But it is not plausible to think that a creditor would conclude that. "If a creditor read the 'Pay Status' entry in isolation, the creditor might conclude that the account was currently past due." *Gross*, 512 F. Supp. at 426. "But when the creditor read the rest of the entries, the creditor would surely forego that conclusion." *Id.* at 426-27. "[T]he report shows that the account is closed and has a $0 balance." *Id.* at 427. "An account with a $0 balance cannot currently be past due." *Id.* Further, the document lists a symbol indicating that Plaintiff was "30 days late" in 12/2016; details this event as a "Maximum Delinquency"; reports a "Date Paid" and a "Date Closed" of 12/12/2016; and a "Date Updated" on 1/1/2017. (*See* Dkt. No. 30-1 at 5.) A creditor could only conclude that Plaintiff previously had a delinquency at those times and that Plaintiff is not currently delinquent.

### IV.    Conclusion

For the foregoing reasons, Defendant Trans Union's motion for judgment on the pleadings is GRANTED. Plaintiff's request to amend the complaint is denied as futile. Plaintiff's complaint is dismissed with prejudice as to Defendant Trans Union.

The Clerk of Court is directed to close the motion at Docket Number 29 and to terminate Trans Union as a party.

SO ORDERED.

Dated: July 26, 2022
        New York, New York

_____
J. PAUL OETKEN
United States District Judge